[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14874
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20074-UU-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACKSON VITAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 6, 2013)

Before BARKETT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Jackson Vital appeals his convictions for conspiracy to import and the importation of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(b)(2)(B), and 963, conspiracy to possess with intent to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846, and making a false statement and a false writing, in violation of 18 U.S.C. §§ 1001(a)(2) and 1001(a)(3).  These charges, included in a six-count superseding indictment against Vital and co-defendants Harry Richard and Manoha Pierre, arose from the discovery of cocaine secreted inside Richard's suitcase at the Miami International Airport, following his arrival aboard a flight from Port-au-Prince, Haiti.[1]

On appeal, Vital argues that his rights under the Confrontation Clause were violated by the introduction of post-arrest statements of Pierre and Richard, as described in the government's opening argument and in testimony by government witness Special Agent Richard Jansen.  With respect to the government's opening argument, Vital points to the prosecutor's reference to Pierre's post-arrest statement: "Pierre told Mr. Richard that he, himself, had made a prior trip to Haiti recently, had brought back a suitcase, delivered it to Mr. Vital, and had been paid

---

[1] The district court ordered that the trials proceed separately, first with the trial of Richard and second with the joint trial of Vital and Pierre.

2

$2,000."[2]  With respect to the testimony of Agent Jansen, Vital argues—for the first time on appeal—that the testimony improperly referenced post-arrest statements of both Pierre and Richard.[3]  Vital made a contemporaneous objection to the out-of-court statement referenced during the government's opening argument, but not to those statements presented during Agent Jansen's testimony. We therefore review his Confrontation Clause-based evidentiary claims under two different standards: the opening argument claim for an abuse of discretion[4] and the witness testimony claim for plain error.  United States v. Turner, 474 F.3d 1265, 1275 (11th Cir. 2007).

The Confrontation Clause to the Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  U.S. Const. amend. VI.  In Crawford v. Washington, the Supreme Court explained that under the Confrontation Clause, "[t]estimonial statements of witnesses absent from trial have been admitted only where the

---

[2] Vital objected, and the government rephrased by replacing the reference to "Mr. Vital" with "an individual."

[3] Specifically, Vital points to (1) the same post-arrest statement by Pierre that was referenced during the prosecutor's opening argument, (2) a post-arrest statement by Pierre that names a particular narcotics trafficker and (3) a post-arrest statement by Richard that he would contact people who would arrange to pick him up from the airport.  Vital also claims that "Agent Jansen relat[ed] that Mr. Richard, in essence, told him that the people picking him up in the SUV [including Vital] were acting with full knowledge of the cocaine in his bag."  Vital argues that these statements laid the groundwork for damaging inferences drawn from Vital's telephone calls, text messages, and cellular phone contacts and so should not have been admitted.

[4] Such an error is considered harmless where it is clear beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.  United States v. Caraballo, 595 F.3d 1214, 1229 n.1 (11th Cir. 2010).

declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine" the declarant.  541 U.S. 36, 59 (2004).  Testimonial statements are ones "that declarants would reasonably expect to be used prosecutorially[.]" Id. at 51.  The Court distinguished testimonial statements, which "interrogations by law enforcement officers fall squarely within," id. at 53, from, for example, a "casual remark to an acquaintance," id. at 51.  However, the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."  See id. at 59 n.9.  Therefore, the Clause may not preclude a statement by an out of court witness to law enforcement officials if it is not offered for its truth and, instead, is offered because it is "relevant to explain the course of the officials' subsequent investigative actions[.]"  See United States v. Baker, 432 F.3d 1189, 1208 n.17 (11th Cir. 2005) (citing cases).

In the context of codefendants and the application of the Confrontation Clause, the Supreme Court held in Bruton v. United States that, during a joint trial, the admission of a confession or powerfully incriminating extrajudicial statement of a non-testifying codefendant which names the defendant as a perpetrator violates the Confrontation Clause.  391 U.S. 123, 135-36 (1968).  There, the Court held that admission of facially incriminating confession, even with curative instruction, violated the Confrontation Clause because there was a "substantial risk that the jury, despite instructions to the contrary, looked to the incriminating

4

extrajudicial statements in determining [the defendant's] guilt." Id. at 126. Although limiting instructions to juries may prevent Bruton violations where statements do not name the defendant directly or refer to his existence, such instructions are insufficient in the context of facially incriminating statements. See, e.g., Richardson v. Marsh, 481 U.S. 200, 211 (1987).

Vital argues that the prosecutor's opening argument, which named Vital as part of Pierre's post-arrest statements, violated the rule established in Bruton. We agree. The reference to Pierre's out-of-court, testimonial statement made during his police interrogation, which specifically referred to Vital by name, was facially problematic. Even though, following Vital's objection, the government repeated the statement but replaced Vital's name with the words "an individual," this could not remedy the initial violation. However, because the government presented significant other evidence of Vital's guilt,[5] this Bruton violation was harmless error. Caraballo, 595 F.3d at 1229 n.1. With respect to Vital's argument regarding Agent Jansen's testimony, the district court did not commit plain error by admitting Agent Jansen's description of Richard's statements because they were made to explain the course of Jansen's subsequent investigative actions. See Baker, 432 F.3d at 1208 n.17. It was not plain or obvious that they were being

---

[5] This evidence includes Vital's false statements about his own name; not knowing Richard; his purchase of Richard's plane ticket; his meeting Richard at the airport with a large amount of cash and helping Richard load a suitcase that previously contained cocaine into the vehicle; and his numerous calls to an individual associated with Vital's prior narcotics arrest.

admitted for the truth of the matter asserted.  Moreover, when Jansen described Pierre's post-arrest statements, he omitted identifying information with respect to Vital.  Even if these statements were admitted in error, Vital did not carry his burden of showing that the error affected his substantial rights in light of the alternate sources of the same information and the extensive evidence against Vital.

Accordingly, we affirm Vital's convictions.

**AFFIRMED.**